■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LOUIS N. WARREN, Appellant.— In a *coram nobis* proceeding to set aside a judgment rendered July 18, 1968, on the basis of the insanity of defendant, he appeals from an order of the County Court, Orange County, entered October 7, 1969, which denied the application without a hearing. Order reversed, on the law, and proceeding remitted to the County Court for the purpose of holding a hearing to determine defendant's current sanity and, in the event that defendant is sane and capable of understanding the proceedings, for a further hearing to determine his sanity at the time of trial and at the time of sentencing, the hearings to be held before a Judge other than the one who presided at the trial which resulted in the judgment. No findings of fact have been considered. In our opinion defendant's commitment to Dannemora State Hospital four months after judgment is sufficient to warrant a hearing when considered with the allegations of the petition that defendant had refused a psychiatric examination; defendant was confined to a mental institution in Baltimore in 1963; and he suffered a nervous breakdown in the Orange County jail while awaiting trial (*People* v. *Boundy*, 10 N Y 2d 518; *People* v. *Frampton*, 31 A D 2d 551). It must first be determined, after a hearing, if defendant is currently sane before proceeding to determine sanity at the times of trial and sentence (*People* v. *Booth*, 17 N Y 2d 681; *People* v. *Cossentino*, 14 N Y 2d 750). The hearing herein should be held before a Judge other than the one who presided at the trial (*People* v. *Hudson*, 19 N Y 2d 137; *People* v. *Frampton, supra*; *People* v. *Jenkins*, 29 A D 2d 681). Christ, P. J., Rabin, Hopkins, Munder and Martuscello, JJ., concur.